[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the plaintiffs' Motion to Enforce the Settlement Agreement. The pertinent facts are as follows. On May 2, 2001 the attorney for the defendant extended to the plaintiffs' counsel a written offer to settle each of the claims of plaintiffs Christopher Foster and Gina Foster for $10,000 per claimant. That offer did not contain any expiration date, nor were specific conditions attached to it. The plaintiffs responded to the offer by continuing negotiation discussions and by indicating a willingness to reduce their demands to $25,000 and $20,000. At a subsequent pretrial plaintiffs' counsel responded to the written offer with a letter indicating his clients' acceptance of the initial offer of $10,000. The defendant denied that the offer remained after the new demand, which the defendant treated as a counter-offer. The parties concede that the defendant did not communicate an explicit withdrawal of the offer. Rather, the defense counsel stated that his client relied on principles of contract law and believed that subsequent negotiations, in the form of a new demand by plaintiffs' counsel, constituted a rejection of the offer. Notably, although not necessarily dispositive of the issue in dispute in this matter, the defendant had similarly extended an offer to co-plaintiff, Glen Foster. That offer was formally withdrawn.
Plaintiffs' counsel argues that, notwithstanding principles of contract law, he relied upon the custom and practice of trial lawyers and CT Page 8048 insurance carriers when he entered negotiations in the instant case. That practice, he maintains, allowed offers to remain "on the table" unless otherwise indicated. That practice, he argued, is commonly understood and accepted among members of both the defense bar and the plaintiffs bar.
The plaintiffs, Gina and Christopher Foster, move to enforce the settlement agreement. The defendant opposes this motion, claiming that there was no agreement between the parties. The issue in dispute is this: did the parties reach an agreement which is legally enforceable?
It is basic contract law, as defense counsel argued, that an offer requires an acceptance in order to create a legally enforceable agreement. A counter-offer has the same effect as a rejection under contract law. Therefore, where there is no acceptance of the counter-offer, there is no contract. However, plaintiffs' counsel seeks to enforce the agreement on more than merely these contractual grounds. He raises equitable issues, too. Those issues constitute what would be designated a cause of action for detrimental reliance. "There is no cause of action technically designated as `detrimental reliance.' What [the plaintiff] has in mind is an action for promissory estoppel, which is itself a form of breach of contract action." See D'Ulisse-Cupo v. Boardof Directors of Notre Dame High School, 202 Conn. 206, 213, 520 A.2d 2217
(1987).
It is also accepted in Connecticut law that a trial court should enforce agreements that are entered into in its court. Audubon ParkingAssociates Ltd. Partnership v. Barclay Stubs, Inc., 225 Conn. 804,811, 626 A.2d 729 (1993). In Audubon, our Supreme Court ruled that "a trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous . . . Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit." Id. "Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes." Id., 812.
The offer was not directly accepted in this case. Therefore, underAudubon, this court can not enforce the agreement as a matter of law. However, as a matter of equity, there are additional considerations. Considering Audubon in light of the ruling of the Supreme Court inD'Ulisse, this court believes that an evidentiary hearing should be held to determine if the plaintiffs have a cause of action for promissory estoppel, which essentially sounds in contract law and whether such a cause of action may be asserted in the instant case or must be brought in a subsequent action. Accordingly, the court defers ruling on the Motion CT Page 8049 to Enforce until it holds an evidentiary hearing to address these factual and legal issues.
 ___________________ Robinson-Thomas, J